UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tessa Rani Raybourne Gibson Carlisle Childress, ) | C/A No.: 2:13-1008-SB-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Charleston County Sheriff's Office; ) | Report and Recommendation |
| Inspector Dana E. Herron; ) | |
| Internal Affairs Office of Professional Standards, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, Tessa Rani Raybourne Gibson Carlisle Childress, proceeding *pro se*, files this action pursuant to 42 U.S.C. § 1983, and seeks *in forma pauperis* status under 28 U.S.C. § 1915. Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

Section 1915 permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(i), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989). Further, while the Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429

1



U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990). Such is the case here.

A review of the Complaint with attachments reveals that Plaintiff has lodged an assault claim against one or more employees of the Charleston County Detention Center (CCDC). According to attachments filed with the Complaint, an administrative internal investigation was initiated by the Charleston County Sheriff's Office, Office of Professional Standards, on February 28, 2013 involving allegations of an alleged assault that took place on June 4, 2004. Defendant Herron, who works for the Sheriff's Department, was assigned to investigate Plaintiff's claim and, during the course of an interview with the Plaintiff, recorded their conversation. Plaintiff states she contacted the FBI to complain about the recordings, but was informed that Herron was permitted to record the phone conversations under federal law. Plaintiff then goes on to list a number of South Carolina Code Sections, and states: "[l]iability for act of government employee; requirement that agency or political subdivision be named party defendant; effect of judgement or settlement." In her prayer for relief, she asks that this Court "bring charges and convict the violators of the law." She also seeks monetary damages.

As an initial matter, the Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts.[1] See *Alden v. Maine*, 527 U.S. 706, 713 (1999)(immunity "is a fundamental aspect

---

[1] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United



of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today...except as altered by the plan of the Convention or certain constitutional Amendments."); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 76 (1996)(Eleventh Amendment prohibits Congress from making the State of Florida capable of being sued in federal court); and *Blatchford v. Native Village of Noatak and Circle Village*, 501 U.S. 775, 786 (1991)(Congressional power to abrogate Eleventh Amendment immunity can only by exercised by clear legislative intent). *See also Federal Maritime Commission v. South Carolina State Ports Authority, et. al.*, 535 U.S. 743, 743 (2002)(state sovereign immunity precluded Federal Maritime Commission from adjudicating a private party's complaint against a non-consenting State).

Although the language of the Eleventh Amendment does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U.S. 1 (1889), held that the purposes of the Eleventh Amendment, *i.e.*, protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. Thus, the Eleventh Amendment bars such suits unless the State has waived it's immunity[2] or unless Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity.  When §1983 was passed as part of the Civil Rights Act of 1871, Congress did not interject any language in the Act which would specifically override the immunity of the states  provided by the Eleventh Amendment. Consequently, a claim brought pursuant to 42 U.S.C. §1983 does not override the

---

States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

[2]  The State of South Carolina has not consented to suit in a federal court.  *See* S. C. Code Ann. § 15-78-20(e)(1976) which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.



Eleventh Amendment.  *See Quern v. Jordan*, 440 U.S. 332, 343 (1979).

Sheriff's Departments in South Carolina are state agencies, not municipal departments. *Edwards v. Lexington Cnty. Sheriff's Dep't*, 386 S.C. 285, 287 n. 1, 688 S.E.2d 125, 127 n.1 (2010) ("[U]nder South Carolina law, the sheriff and sheriff's deputies are State, not county, employees.")(citations omitted); *Allen v. Fid. and Deposit Co.*, 515 F. Supp. 1185, 1189–91 (D.S.C. 1981) (County cannot be held liable for actions of deputy sheriff because deputy sheriffs serve at pleasure of the Sheriff, not the County), *aff'd*, 694 F.2d 716 (4th Cir. 1982) [Table]; and *Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (suit against Sheriff of Greenville County: ". . . Sheriff Brown is an arm of the State."). Indeed, any damages to the plaintiff, if awarded in this case, would be paid by the South Carolina State Insurance Reserve Fund. *Comer v. Brown*, 88 F.3d at 1332 ("Judgments against the Greenville County Sheriff are paid by the South Carolina State Insurance Reserve Fund."). Thus, the Charleston County Sheriff's Department, and any division thereof, such as the Office of Professional Standards, is immune from suit for damages in this case under the Eleventh Amendment.  This analysis would also apply to Defendant Herron, as an employee of the Charleston County Sheriff's Department, acting in her official capacity. *See Blankenship v. Warren County, Va.,* 918 F. Supp. 970 (W.D.Va. 1996) (Virginia sheriffs entitled to Eleventh Amendment immunity); *Nelson v. Strawn*, 897 F. Supp. 252 (D.S.C. 1995) (South Carolina sheriffs entitled to Eleventh Amendment immunity); *Levinson-Roth v. Parries*, 872 F. Supp. 1439 (D.Md. 1995)(Maryland sheriffs entitled to Eleventh Amendment immunity); *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996)(South Carolina Sheriffs are State agents and are not amenable to suit in federal court by virtue of the Eleventh Amendment).

Furthermore, even though Herron, as a public employee, is subject to suit under § 1983 for damages in her individual capacity, Plaintiff's allegations do not contain any reference to a violation



of any federal statute or constitutional provision by this Defendant, except that she believes her phone conversations were unlawfully recorded. Thus, Plaintiff appears to allege that Defendant Herron violated the federal wiretapping statute, 18 U.S.C. §§ 2510 et seq., by recording the phone conversations between Herron and the Plaintiff. Generally speaking, this statute forbids intentional or attempted interceptions of electronic communications, 18 U.S.C. § 2511(1)(a), and provides a cause of action for civil damages for its violation. 18 U.S.C. § 2520. Excluded from the statute's coverage, however, is any telephone or telephone equipment that is used "by an investigative or law enforcement officer in the ordinary course of his duties." 18 U.S.C. § 2510(5)(a)(ii). Defendant Herron is a law enforcement official in the Office of Professional Standards for the Charleston County Sheriff's Department, and therefore qualifies as an "investigative or law enforcement officer[ ]," which term is defined to include "any officer of the United States or of a State or political subdivision thereof, who is empowered by law to make investigations of or to make arrests for offenses enumerated in this chapter...." 18 U.S.C. § 2510(7). Because Plaintiff's claim falls within the statutory exclusion under § 2510(5)(a)(ii), she cannot proceed on her claim against Herron under the Federal Wire Tapping Statute.

To the extent Plaintiff's allegations can, alternatively, be construed to set forth a state law cause of action, federal courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction." *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998). Since Plaintiff has asserted no viable federal claims, this Court cannot exercise "supplemental" jurisdiction over Plaintiff's state law claims. *See Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999). ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants."). While a civil action for Plaintiff's state claims *would* be cognizable in this Court under the federal diversity statute, that

5



statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See* 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978).  Here, the Complaint indicates the parties to this action are all residents of South Carolina, so diversity of parties does not exist. Accordingly, this Court has no diversity jurisdiction over this case.

Finally, the plaintiff has requested in her prayer for relief that criminal charges be brought against the Defendants. A private citizen does not have a judicially cognizable  interest in the prosecution or non-prosecution of another person. *See Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973), and *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986)(*applying Linda R.S. v. Richard D*. and collecting cases); *Doyle v. Oklahoma State Bar Ass'n*, 998 F.2d 1559, 1566-1567 (10th Cir. 1993); *Lane v. Correll*, 434 F.2d 598, 600 (5th Cir. 1970); and *Collins v. Palczewski*, 841 F. Supp. 333, 340 (D.Nev. 1993)("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'").  Closely on point is *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981), which arose in South Carolina. In *Leeke v. Timmerman*, inmates who were allegedly beaten by prison guards sought criminal arrest warrants against the guards. The inmates presented sworn statements to a state magistrate, but the state magistrate, upon a Solicitor's request, declined to issue the warrants. In *Leeke v. Timmerman*, the Supreme Court of the United States reiterated its earlier holding in *Linda R.S. v. Richard D*., *supra*, and again ruled that a private citizen lacks a judicially cognizable interest in the criminal prosecution of other persons. *Leeke v. Timmerman*, *supra*, 454 U.S. at 86-87.  Moreover, in its opinion in *Leeke v. Timmerman*, the Supreme Court of the United States cited a similar precedent from the Supreme Court of South Carolina.  *See Leeke v. Timmerman*, *supra*, 454 U.S. at 87 n. 2, *citing State v. Addison*, 2 S.C. 356, 364 (1871).  Hence,

6



since the plaintiff does not have a judicially cognizable interest in the criminal prosecution of another person, the plaintiff lacks standing to raise such a claim. *Linda R.S. v. Richard D.*, *supra*, 410 U.S. at 619.

## RECOMMENDATION

Based on the forgoing, it is recommended that the Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams, supra; and Haines v. Kerner, supra.*

 

Bristow Marchant
United States Magistrate Judge

May 17, 2013
Charleston, South Carolina

*__The Plaintiff's attention is directed to the important NOTICE on the next page__*.



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

