IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tessa Rani Raybourne Gibson Carlisle Childress,<br><br>          Plaintiff,<br><br>v.<br><br>Charleston County Sheriff's Office;<br>Inspector Dana E. Herron;<br>Internal Affairs Office of Professional Standards,<br><br>          Defendants. | Civil Action No. 2:13-cv-1008-SB<br><br><u>**ORDER**</u> |

This matter is before the Court upon the Plaintiff's pro se complaint filed pursuant to 42 U.S.C. § 1983. In accordance with Local Civil Rule 73.2(B)(2)(d) for the District of South Carolina and 28 U.S.C. § 636(b)(1)(A), the matter was referred to a United States Magistrate Judge for preliminary determinations. On May 17, 2013, the Magistrate Judge issued a report and recommendation ("R&R"), outlining the Plaintiff's claims and recommending that the Court dismiss the case without prejudice and without issuance and service of process. Attached to the R&R was a notice advising the Plaintiff of her right to file specific, written objections to the R&R within fourteen days of receiving a copy. On May 31, 2013, the Plaintiff filed written objections.



The Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). Any written objections must specifically identify the portion of the R&R to which the objection is made and the basis for the objection. <u>Id.</u>

The Plaintiff's claims involve a recent investigation by the Charleston County Sheriff's Office, Office of Professional Standards, into an assault that allegedly occurred on June 4, 2004, at the Charleston County Detention Center. In her complaint, the Plaintiff asserts that Defendant Herron, who works for the Charleston County Sheriff's Office and who was tasked with investigating the alleged assault, recorded their telephone conversations without the Plaintiff's permission. The Plaintiff contends that she contacted the FBI to complain about the recordings, but that she was informed that Herron was permitted to record the conversations under federal law. The Plaintiff lists a number of South Carolina statutes and asks that the Court "bring charges and convict the violators of the law." (Entry 1 at 5.)

In the R&R, the Magistrate Judge summarized the Plaintiff's claims and determined, as an initial matter, that the Charleston County Sheriff's Office and any division thereof, such as the Office of Professional Standards, is immune from suit for damages pursuant to the Eleventh Amendment. In addition, the Magistrate Judge determined that this immunity applies to Defendant Herron with respect to a suit for damages against her in her official capacity. With respect to any claim against Herron in her individual capacity, the Magistrate Judge determined that the Plaintiff failed to allege any violation of a federal statute or constitutional provision aside from her belief that Herron unlawfully recorded her telephone conversations. To that end, the Magistrate Judge noted that the federal wiretapping statute specifically excludes telephone equipment used "by an investigative or law enforcement officer in the ordinary course of his duties." 18 U.S.C. § 2510(5)(a)(ii). Therefore, the Magistrate Judge determined that the Plaintiff failed to state a claim against Herron under the federal wiretapping statute.



Finding that the Plaintiff failed to state a federal claim, the Magistrate Judge determined that it would be improper for the Court to exercise supplemental jurisdiction over any potential state law claim(s) raised in her complaint. Furthermore, the Magistrate Judge noted that diversity jurisdiction does not exist. Finally, with respect to the Plaintiff's request that criminal charges be brought against the Defendants, the Magistrate Judge noted that a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person.

The Court has reviewed the Plaintiff's objections and finds that they are wholly without merit. Stated simply, in her objections the Plaintiff merely rehashes her claims and does not point to any legal or factual error in the Magistrate Judge's analysis. Indeed, after a review of the record, the Court finds that the Magistrate Judge accurately summarized the facts and applied the correct principles of law. Accordingly, it is hereby

**ORDERED** that the R&R (Entry 11) is adopted and incorporated herein; the Plaintiff's objections (Entry 13) are overruled; and this matter is dismissed without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

June 25, 2013
Charleston, South Carolina

3